Elden M. Rosenthal, OSB No. 72217
elden@rosenthal-greene.com
Rosenthal & Greene, P.C.
1001 S.W. Fifth Avenue, Suite 1907
Portland, OR 97204
Telephone: (503)228-3015
Facsimile: (503)228-3269

Kathleen L Wilde
kwilde@disabilityrightsoregon.org
Disability Rights Oregon
620 SW 5th Ave 5th Fl.
Portland OR  97204
Telephone:  503 243-2081
Facsimile 503 243-1738

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| PETER JAMES,  Guardian *ad Litem* for Gregory Nohrenberg, and, DOUG FELLOWS Guardian *ad Litem* for Christopher Summers, | Case No.:  6:09-CV-6301 AA |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO BIFURCATE |
| v. | |
| CONMED, Inc., a foreign corporation; ROBERT TILLEY, M.D., an individual; EMERGENCY MEDICINE DOCUMENTATION CONSULTANTS, P.C.; LINN COUNTY, a municipal corporation; and TIM MUELLER, an individual, | |
| Defendants. | |

## INTRODUCTION

Plaintiffs Gregory Nohrenberg and Christopher Summers, by and through their Guardians *ad litem*, joined as plaintiffs to bring individual money damages claims against common defendants.[1] Each plaintiff alleges, in parallel claims for relief, that during the time period October, 2007 through March 10, 2009:

    a.     Each plaintiff was jailed in the Linn County Jail;

    b.     Each plaintiff had been diagnosed with mental illness and prescribed medications for treatment of his mental illness by treating psychiatrists;

    c.     Defendants refused to administer prescribed medications and, as a result, each plaintiff decompensated and was found unable to aid and assist in his own defense;

    d.     Each plaintiff was sent to Oregon State Hospital ("OSH");

    e.     Each plaintiff was stabilized at OSH and returned to Linn County Jail, after being found able to assist in his own defense;

    f.     Each plaintiff was again denied prescribed medications, this time medications prescribed by OSH psychiatrists;

    g.     Each plaintiff again decompensated and was again found unable to aid and assist in his own defense;

    h.     Each plaintiff was again returned to OSH where each was again treated by OSH psychiatrists, again stabilized, and again determined to be able to aid and assist in his own defense;

    i.     Each plaintiff was again returned to Linn County Jail and once again refused medications prescribed by OSH psychiatrists;

    j.     Each plaintiff again decompensated and was again found unable to aid and assist in his own defense;

    k.     Each plaintiff alleges that the course of conduct as outlined above was the result of defendants' policies, *inter alia* :

        1.    Of assuming that pre-jailing diagnoses of detainees' mental illness are inaccurate diagnoses;

        2.    Of disregarding mental health medication decisions made by detainees' previous treating psychiatrists;

---

[1] The identical parties are defendants for each of the plaintiffs.

3. Of minimizing expenditures made on behalf of detainees with mental illness; and

4. Of housing detainees with severe mental health issues in inappropriate facilities.

As set forth below, plaintiffs' claims were properly filed together pursuant to F.R.C.P. 20(a).  Additionally, the actions involve common questions of law and fact and should properly be consolidated pursuant to F.R.C.P. 42(a).   At a minimum, plaintiffs submit that defendants' motions are premature, that joint discovery should proceed, and that the Court should consider defendants' bifurcation motions only after the completion of discovery.

## LEGAL STANDARDS APPLICABLE TO JOINDER

F.R.C.P. 20(a)(1) provides that plaintiffs may be permissively joined in an action if:

"(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action."

The Ninth Circuit, in accord with uniform precedent nationwide, has stated that the purpose of Rule 20(a) is "to promote judicial economy, and reduce inconvenience, delay, and added expense."[2]  Or, as stated in one of the most-cited cases discussing F.R.C.P. 20(a), the purpose of the rule is "to promote trial

---

[2] *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

convenience and expedite the final determination of disputes, thereby preventing

multiple lawsuits."[3]  Recognizing this purpose, the U.S. Supreme Court has stated:

> "Under the rules, the impulse is toward entertaining the broadest
> possible scope of action consistent with fairness to the parties;
> joinder of claims, parties and remedies is strongly encouraged."[4]

This case satisfies both prongs of Rule 20(a).

### A.    The "Same Transaction, Occurrence or Series of Transactions or Occurrences"

The first prong of Rule 20(a) has been expansively and flexibly interpreted.

Wright and Miller summarize this approach as follows:

> "Instead of developing one generalized test for ascertaining whether
> a particular factual situation constitutes a single transaction or
> occurrence for the purposes of Rule 20, the courts seem to have
> adopted a case-by-case approach.  As stated by one district court
> judge: 'There can be no hard and fast rule, and that the approach
> must be a general one of whether there are enough ultimate factual
> concurrences that it would be fair to the parties to require them to
> defend jointly [the several claims] against them * * *'

> "* * * Moreover the flexibility of this standard enables the federal
> court to promote judicial economy by permitting all reasonably
> related claims for relief by or against different parties to be tried in a
> single proceeding under the provisions of Rule 20 * * *  In a similar
> vein, language in a number of decisions suggests that the courts are
> inclined to find that claims arise out of the same transaction or
> occurrence when the likelihood of overlapping proof and
> duplication in testimony indicates that separate trials would result in
> delay, inconvenience and added expense to the parties and to the
> court."[5]

---

[3] *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974).
[4] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).
[5] Wright, Miller, & Kane, 7 FEDERAL PRACTICE & PROCEDURE: Civil 3d (2001) §
1653, pp. 409-412.

Page 4 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO
          BIFURCATE

Courts across the country have held that cases like this one arose from the same "transaction or occurrence" and therefore joinder was proper.  For example:

- In *Mosley v. General Motors Corp.*, the plaintiffs were African-American employees of General Motors, who claimed GM had a policy of discrimination against African-Americans.  In allowing permissive joinder, the Eighth Circuit reasoned that claims relating to a "company-wide policy purportedly designed to discriminate against blacks in employment" arose out of the same transactions or occurrences, notwithstanding the distinct factual allegations of each plaintiff's complaint.[6]

- In *Kedra v. City of Philadelphia*, the U.S. District Court for the Eastern District of Pennsylvania held that multiple plaintiffs who alleged illegal arrests and use of force by defendant police officers could join their claims, even though the multiple arrests and beatings arose at different times and in different places and involved different persons over a 14 or 15 month period of time.  The court explained that "[t]here is no logical reason why the systematic conduct alleged could not extend over a lengthy time period and, on the face of these allegations, there is nothing about the extended time span that attenuates the factual relationship among all of these events.  The claims against the defendants 'aris(e) out of the same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a), and therefore joinder of defendants in this case is proper."[7]

- In *Aikins v. St. Helena Hospital*, the United States District Court for the Northern District of California held that deaf individuals could join their claims against defendants, who allegedly violated state and federal law by failing to effectively communicate with the plaintiffs during hospitalizations.  The court held that "[a]pplying *Mosley*, plaintiffs' claims arise out of the same series of transactions or occurrences, namely the hospital's alleged 'pattern and practice of violating . . . deaf people's access right to health care,' by 'failing and refusing to provide interpreters for deaf individuals who need to communicate with the staff.'"[8]

---

[6] *Mosley*, 497 F.2d at 1333-34.

[7] 454 F. Supp. 652, 662 (E.D. Pa. 1978).

[8] 1994 WL 796604, at *2 (N.D. Cal. May 16, 1994); see also *Turner v. LaFond*, 2009 WL 3400987, at *3 (N.D. Cal. Oct. 20, 2009) ("Claims arise out of the 'same

- In *Corona v. Knowles*, the United States District Court for the Eastern District of California held that prison inmates could join claims alleging constitutional violations at a California prison. The court stated: "Of course, most, if not all, plaintiffs joined in an action will have factual variations in their claims. Rule 20(a) does not preclude joinder of plaintiffs with factual variations so long as their claims arise out of the same transaction or occurrence and involve any common question of law or fact."[9]

- In *Kohn v. American Housing Foundation I, Inc.*, the United States District Court for the District of Colorado held that residents of a care facility could join together their claims alleging substandard care. Again, the court stated: "That there may be distinctive treatment of each Plaintiff is not determinative. Absolute identity of events is not necessary."[10]

In this case, plaintiffs allege that the defendants violated their civil rights because those defendants followed certain policies and procedures regarding mentally ill inmates. Those policies and procedures caused each plaintiff to decompensate multiple times as each plaintiff was moved back and forth between the Linn County Jail and the Oregon State Hospital. Plaintiffs' claims arise from a common series of transactions or occurrences, and they fall squarely within the above-cited cases.[11]

---

transaction or occurrence' if they share similar factual backgrounds. * * * Claims possess sufficient factual similarity if they 'arise out of a systematic pattern of events.' * * * Typically this requirement will be met where plaintiffs collectively challenge a widely-held practice or policy.") (citations omitted).

[9] 2009 WL 3698510, at *5 (E.D. Cal. Nov. 4, 2009).

[10] 170 F.R.D. 474, 476 (D. Col. 1996).

[11] Defendants rely heavily on the fact that each plaintiff received different drugs. That difference, however, is not material because the defendants followed the same policies and procedures for each plaintiff.

Page 6 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO
        BIFURCATE

Defendants cite a single case to support their assertion that the claims in this case do not arise from the same transaction or occurrence – *Coughlin v. Rogers*.[12] In *Coughlin*, the Ninth Circuit affirmed the district court's grant of a motion to sever a case brought by forty-nine individuals over alleged delays in the processing of their INS applications. The lower court noted that the plaintiffs "fall into six distinct categories," that "the delay is disputed in some instances and varies from case to case," and that the plaintiffs "do not allege that their claims arise out of a systematic pattern of events."[13] Even a cursory review of the Complaint in this case makes clear that it bears no resemblance to the facts at issue in *Coughlin*.[14]

**B.    Common Questions of Law or Fact**

The second prong of F.R.C.P. 20(a) needs less explication. According to the plain language of the statute, the Court must determine whether "*any* question of law and fact common to all plaintiffs will arise in the action." Thus, plaintiffs need not show that all questions of law and fact are in common. As set forth above, these two claims at issue here present multiple common questions of law and fact.

---

[12] 130 F.3d 1348 (9th Cir. 1997).

[13] *Id.* at 1349-50.

[14] In fact, some of the similar cases cited by plaintiffs cited *Coughlin*, then held that joinder was proper.   See *Corona*, 2009 WL 3698510, at *2 (citing Coughlin); *Turner*, 2009 WL 3400987, at *3 (citing *Coughlin*).

Page 7 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO
        BIFURCATE

### C.    Rule 42(a) Consolidation

Even if the Court concludes that Rule 20(a) permissive joinder is not permissible in this case, the Court has authority under Rule 42(a) to consolidate the claims at issue here.  Rule 42(a) provides:

> "If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay."

Wright & Miller describe the strong tendency for pre-trial consolidation of cases:

> "Consolidation actions [under rule 42 (a)] in their pre-trial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court. Any doubt on the point has been mooted because pre-trial consolidation is now authorized is a multi-district context by federal statute. [28 U.S.C. §1407]."[15]

As set forth above, the claims in this case contain multiple common questions of law and fact.[16]  The Court, therefore, has "broad discretion" to consolidate the claims "so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[17]  In this case, the

---

[15] 9A FEDERAL PRACTICE & PROCEDURE § 2382 at 434.

[16] Like Rule 20(a), Rule 42 does not require a complete identity of legal and factual issues.  See, e.g., *Thayer v. Shearson, Loeb, and Rhoades, Inc.*, 99 F.R.D. 522, 523 (W.D.N.Y. 1983) ("The existence of different issues with respect to each of the plaintiffs does not * * * preclude a joint trial."); *Jacobs v. Ohio Department of Rehabilitation and Correction*, 2009 WL 3126285, at *5 (S.D. Ohio).

[17] 9 A FEDERAL PRACTICE & PROCEDURE § 2381 p. 427.

Page 8 -  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO
        BIFURCATE

Court should exercise its discretion and consolidate the claims of Summers and Nohrenberg.

Defendants argue that a consolidated trial would prejudice defendants. That argument is premature, because the Court need not make the ultimate decision of whether the cases should be tried together at this time. Discovery efficiency will be encouraged by keeping the cases consolidated. Since the same defendants are named in each plaintiff's claim, and since similar policies of the Linn County Jail, CONMED, and Dr. Tilley have been asserted, and since the factual patterns are so similar, consolidation of these claims for the purposes of pre-trial discovery is clearly appropriate. The Court can reconsider its joinder decision at the close of discovery, if necessary.[18]

## CONCLUSION

For the reasons set forth above, this Court should deny defendants' motions to bifurcate.

Dated this 8th of February, 2010.

ROSENTHAL & GREENE, P.C.


_____/s/_____
Elden M. Rosenthal, OSB No. 72217
Of Attorneys for Plaintiffs

---

[18] Under both Rule 20(a) and Rule 42(a), consolidation during the pre-trial and discovery stage is an oft-utilized procedure. See *Aikins*, 1994 WL 796604, at *3 ("If it appears following discovery that a separate trial is warranted on any issue, the Court has the power to enter an order of bifurcation under Rule 20(b)."); *Kedra*, 454 F. Supp. at 662 (joining cases for discovery and deferring decision on joinder of cases for trial).

DISABILITY RIGHTS OREGON

___/s/_____

Kathleen L. Wilde, OSB No. 97105
Of Attorneys for Plaintiffs